UNITED STATES *ex rel.* SHELLY *v.* ST. CHARLES Co.

*(Circuit Court, E. D. Missouri.   June 8, 1887.)*

COSTS—SECURITY FOR, AFTER JUDGMENT.
  Where a plaintiff has recovered judgment against a solvent defendant, and process is outstanding in the nature of an execution to collect the same, it is not proper to require the plaintiff to make a deposit to secure costs due a commissioner.

*Mandamus* Proceedings.   Motion for security for costs.
*E. B. Sherzer*, for plaintiff.
*Huff & Denison*, for defendant.

THAYER, J., *(orally.)*   In the case of the United States, at the relation of Shelly, against the county of St. Charles, a motion has been filed by the referee or commissioner to require the plaintiff to make a deposit to secure the costs.   The case in question is a *mandamus* proceeding.   An alternative writ has been issued.   There has been a return to the writ, a hearing of the issues raised by the return to the alternative writ, and a peremptory writ has been awarded for a certain sum.

In that state of the case, the commissioner to whom certain issues arising under the return to the alternative writ were referred, moves that the plaintiff be required to deposit a certain sum to secure his costs.   I think the court has power to make such an order, but I do not think that it is the correct practice to make an order of that kind when a case has reached the stage that this case is in.   A peremptory writ is now outstanding which is in the nature of an execution, and it does not seem to me proper to require a plaintiff to make a deposit to secure the costs after he has recovered judgment, and process is outstanding, in the nature of an execution to collect the same; and especially is this true in a case where the defendant is shown to be amply solvent.

The judgment herein is a lien upon a large tract of land in St. Charles county, and the presumption is that the amount of the plaintiff's debt and all costs will be recovered.   Under such circumstances I think it the correct practice to require the commissioner to await proceedings under the peremptory writ, unless such proceedings are unduly delayed.   The motion, therefore, to require an additional deposit, will be overruled.